IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**J & J SPORTS PRODUCTIONS, INC.**                                **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 2:15-CV-119-KS-MTP**

**BERTHA J. SMITH d/b/a**
**HOUSE OF BLUES, II BAR & GRILL**
**d/b/a HOUSE OF BLUES, II and**
**HOUSE OF BLUES, II BAR & GRILL**
**d/b/a HOUSE OF BLUES, II**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff") Motion for Default Judgment [8]. After considering the record and the applicable law, the Court finds that Plaintiff's motion should be granted and awards damages as detailed below.

### I. BACKGROUND

Plaintiff filed its Complaint [1] on September 9, 2015, and properly served Defendants Bertha J. Smith and House of Blues, II Bar & Grill (collectively "Defendants") on September 24, 2015. Defendants' answer was due on or before October 15, 2015. Fed. R. Civ. P. 12. No answer was filed by this date. Therefore, the Clerk properly entered Default [7] on November 10, 2015. *See* Fed. R. Civ. P. 55(a). Plaintiff subsequently filed its Motion for Default Judgment [8].

In its Complaint [1], Plaintiff claims that it owned the exclusive national television distribution rights to the WBC Middleweight Championship Fight Program "The One": Floyd Mayweather, Jr. vs. Saul Alvarez (the "Program"), which took place on Saturday, September 14, 2013. Plaintiff further alleges that Defendants, in full knowledge that they were not authorized to do so, intercepted the signal which transmitted the Program and exhibited it in their bar in order to obtain commercial advantage. Plaintiff brings claims under federal law for violation of 42 U.S.C.

§ 605 and 42 U.S.C. § 553, as well as a state law claim of conversion.

## II. DISCUSSION

By their default, Defendants admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing a motion for default judgment, the Court accepts the factual allegations of the Complaint [1] as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* When awarding damages, the Court must ensure that the amount awarded is reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b)(2)(C).

In the current case, Defendants have made no effort to defend against the claims pending against them. They have had notice of these claims since September 24, 2015, and have made no filing with the Court in response. Furthermore, Plaintiff has pleaded facts, deemed admitted by Defendants' lack of response, to support claims under 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications, and 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services, as well as its state law claim of conversion. The Court therefore finds that Plaintiff's Motion for Default Judgment [8] should be **granted**.

Plaintiff brings claims under both 47 U.S.C. § 605 and § 553. "[O]rdinarily, a plaintiff cannot recover under both statutes for the same conduct." *Joe Hand Promotions, Inc. v. Fire, LLC*, No. 3:11-CV-79-DPJ-FKB, 2012 WL 3637242, at *1 (S.D. Miss. Aug. 22, 2012) (quoting *J & J Sports Prods., Inc. v. 291 Bar & Lounge, Inc.*, 648 F.Supp.2d 469 (E.D.N.Y. 209). Plaintiff has put forward no reason for the Court to disregard this general rule, so damages will only be assessed under § 605.

For a civil violation of § 605, the Court may either award actual damages or statutory

damages of "not less than $1,000 but not more than $10,000, as the court considers just," the choice of which is left the aggrieved party. 47 U.S.C. § 605(e)(3)(C)(i) Plaintiff in this case has asked for statutory damages. Additionally, when a violation is committed willfully and for the purposes of commercial advantage, the Court has the discretion, which Plaintiff has requested be exercised, of enhancing the award of damages under this section by not more than $100,000 for each such violation. Furthermore, under § 605(e)(3)(B)(iii), Plaintiff is entitled to full costs, including reasonable attorneys' fees.

Plaintiff has submitted that had Defendants followed the law and paid for the service provided by Plaintiff, the cost would have been a minimum of $2,200. Courts have found it appropriate to treble this cost in computing statutory damages under § 605. *See J & J Sports Prods., Inc. v. Chucho's Mexican Rest., Inc.*, No. 1:15-CV-361-RP, 2015 WL 7301183, at *3 (W.D. Tex. Nov. 18, 2015). The Court will therefore award $6,600 in statutory damages. Additionally, because the Court finds Defendants' violation to be willfully committed and for purposes of commercial advantage, enhanced damages are also appropriate, and the Court will award an additional $13,200 in enhanced damages. Plaintiff is also entitled to costs and attorneys' fees in the amount of $2,286. Plaintiff will therefore be awarded a total of $22,086 under 42 U.S.C. § 605.

As for Plaintiff's claim of conversion, under Mississippi law, this type of claim requires ownership and "proof of a wrongful possession, or the exercise of dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Bank of Ellisville, Miss. v. Courtney*, 884 So.2d 767, 772-73 (Miss. 2004). Under similarly pleaded facts, courts have found damages for conversion to be appropriate and have awarded the cost of service to plaintiffs. *See J & J Sports Prods., Inc. v. Cotorra Cocina Mexicana & Bar, LLC*, No. 3:10-CV-597-CWR-LRA, 2012 WL 1098446, at *4 (S.D. Miss. March 30, 2012).

The Court will therefore award Plaintiff $2,200 in damages for its conversion claim, as it finds that Plaintiff's owned the distribution rights to the Program and that Defendants exercised dominion over the transmission in defiance of Plaintiff's rights.

Therefore, the Court finds Plaintiff is entitled to a total award of **$24,286**. This includes statutory damages under 42 U.S.C. § 605 in the amount of $6,600, enhanced damages under 42 U.S.C. § 605 in the amount of $13,200, costs and attorneys under 42 U.S.C. § 605 in the amount of $2,286, and compensatory damages in the amount of $2,200 for Plaintiff's state law claim of conversion.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment [8] is **granted**. The Court awards Plaintiff a **total award of $24,286**, which includes statutory damages under 42 U.S.C. § 605 in the amount of $6,600, enhanced damages under 42 U.S.C. § 605 in the amount of $13,200, costs and attorneys under 42 U.S.C. § 605 in the amount of $2,286, and compensatory damages in the amount of $2,200 for Plaintiff's state law claim of conversion.

SO ORDERED AND ADJUDGED this 18th day of December, 2015.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE